UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARGARET D. NELSON, as
Executrix of the Estate if Trevor C. Nelson,
deceased, Individually, and as a Parent and
Natural Guardian of Conrad B. Nelson and
George R. Nelson

                                                                                                            04 CV 5382 (CM)(GWG)

                                        Plaintiff,

    -against-

THE MASSACHUSETS GENERAL
HOSPITAL, The General Hospital Corporation,
Massachusetts General Physical Organizations,
Inc., Partners Healthcare Systems, Inc.

                                        Defendants.

-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO DEPOSE NON-PARTY DON HEWITT</u>**

                                                         LOCKS LAW FIRM, PLLC
                                                         Seth R. Lesser (SL 5560)
                                                         Andrew P. Bell (AB 1309)
                                                         110 East 55th Street
                                                         New York, NY 10022
                                                         (212) 838 3333

**PRELIMINARY STATEMENT**

Plaintiff is requesting that this Court grant a motion, pursuant to Fed. R. Civ. P. 26(d) allowing Plaintiff to take forthwith the videotaped deposition of a non-party witness, Mr. Don Hewitt, in order to preserve his testimony for trial of this action. This motion is made pursuant to the Magistrate's Order dated May 23, 2007 (Attached hereto as Exhibit A).

**ARGUMENT**

Mr. Hewitt, who is presently 84 years old, was the longtime Executive Producer of the CBS news program "60 Minutes", and is now a consultant at CBS with offices on West 57th Street in Manhattan. Plaintiff's decedent, Trevor Nelson, was a Producer at "60 Minutes" when he died on July 23, 2003 at and while under the care of Massachusetts General Hospital. Mr. Hewitt was Mr. Nelson's "boss" and closely familiar with the decedent's work accomplishments and career prospects. Mr. Hewitt is thus a crucial witness on the important subject of prospective loss of earnings in this wrongful death action. His knowledge and perspective in these matters cannot be replicated by any other person.

Mr. Hewitt's age, the possibility of illness, diminished capacity or demise cannot be ignored. Accordingly, Plaintiff believes it of the utmost importance that Mr. Hewitt's testimony should be taken and preserved forthwith. The taking and preserving of deposition testimony of a deponent of Mr. Hewitt's age constitutes "good cause" and is a proper basis for relief under Rule 26(d). *See, e.g., The Penn Mutual Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995)(81-years old satisfies "good cause"); *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967)(71-year old witness); *De*

*Wagenknecht v. Stinnes*, 102 U.S. App. D.C. 89, 250 F.2d 414, 417 (D.C. Cir. 1957)(74-year old).   Losing Mr. Hewitt's unique testimony should anything befall him would be extremely prejudicial and harmful to Plaintiff's case, in whichever jurisdiction this litigation proceeds.

Finally, because the three year statute of limitations was about to expire in July 2006, Plaintiff commenced a parallel holding action in Boston, Massachusetts. The defendants in that litigation are represented by the law firm of Sullivan and Walsh.  Mr. Sullivan, on behalf of the Massachusetts litigation defendants has agreed to the taking of Mr. Hewitt's deposition if preceded by a discovery deposition, to which we have agreed. We would, of course, also agree to afford Defendants in the present action the opportunity to participate and depose Mr. Hewitt at that discovery deposition prior to Plaintiff's counsel taking Mr. Hewitt's videotaped, trial testimony.

## **CONCLUSION**

Accordingly, Plaintiff respectfully submits that good cause has been shown why this Court should grant the relief requested herein under Rule 26(d) so the preservation of Mr. Hewitt's testimony can be accomplished and go forward.

Dated: New York, New York
　　　　June 18, 2007

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　LOCKS LAW FIRM, PLLC

　　　　　　　　　　　　　　　　　　　　　  /s/ Andrew P. Bell
　　　　　　　　　　　　　　　　　　　　　Seth R. Lesser (SRL-5560)
　　　　　　　　　　　　　　　　　　　　　Andrew P. Bell (APB-1309)
　　　　　　　　　　　　　　　　　　　　　Fran Rudich (FLR-7577)
　　　　　　　　　　　　　　　　　　　　　110 East 55th Street
　　　　　　　　　　　　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　　　　　　(212) 838-3333
　　　　　　　　　　　　　　　　　　　　　www.lockslaw.com

2

3

Attorneys for Margaret D. Nelson, as Executrix of the Estate of Trevor C. Nelson, Deceased, Individually, and as Parent and Natural Guardian of Conrad B. Nelson and George R. Nelson