UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARGARET D. NELSON, executrix :

                 Plaintiff, :     04 Civ. 5382 (CM) (GWG)

    -against- :     **ORDER**

THE MASSACHUSETTS GENERAL HOSPITAL :
et al.,
                 Defendants. :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

    Margaret D. Nelson, as executrix of the estate of Trevor C. Nelson, brought this suit alleging medical malpractice and the performance of an unauthorized autopsy against the Massachusetts General Hospital, The General Hospital Corporation, Massachusetts General Physicians Organization, Inc., and Partners Healthcare System, Inc. At a conference held on August 20, 2004 before Judge Casey, the parties were given 45 days to conduct jurisdictional discovery, a period that was ultimately extended into June 2005. Discovery on the merits was stayed. On August 12, 2005, the defendants filed a motion to dismiss for lack of personal jurisdiction or in the alternative to transfer the case to the District of Massachusetts – a motion that has not yet been decided.

    Nelson now moves to lift the stay on discovery for the limited purpose of taking the deposition of a non-party witness, Don Hewitt. See Notice of Motion, filed June 18, 2007 (Docket #53); Memorandum of Law in Support of Plaintiff's Motion to Depose Non-Party Don Hewitt, filed June 18, 2007 (Docket #54). Hewitt hired the decedent, promoted him, and was his supervisor for six years. Plaintiff bases her request on her desire to preserve Hewitt's testimony, noting that he is 84 years old. She wishes to depose him to obtain his "unique testimony" on the issue of loss of earnings because Hewitt is "closely familiar with the decedent's work accomplishments and career prospects." Id. at 1-2.

    Defendants oppose the application on the grounds that other persons will be able to provide the information sought by plaintiff, that there is no need to take this deposition now, and that they will be prejudiced in light of the fact that plaintiff has not been obligated to make any disclosures under Rule 26. See Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Depose a Non-Party, filed June 22, 2007 (Docket #55) at 3-5.

The Court has broad power under Fed. R. Civ. P. 26(d) to control the sequence and timing of discovery. See, e.g., In re Buspirone Patent Litig., 210 F.R.D. 43, 55 (S.D.N.Y. 2002). In this case, plaintiff should be permitted to take this deposition. First, defendants do not and cannot argue that this deposition lacks relevance to this suit. Moreover, as the decedent's supervisor, Hewitt plainly had a unique relationship with decedent and thus his testimony is obviously of importance.

Second, and of even greater significance, Hewitt's deposition would ultimately have to be taken anyway. It is uncontested that this suit will eventually proceed in some court – even if it is not in this Court.[1]

With respect to the need to take the deposition now, Hewitt's age is such that it is not unreasonable to make every effort to preserve his testimony. In ordering a similar early deposition of a witness, the Third Circuit explained:

> The circumstance that "[the deponent] is 71 years old" is quite meaningful. It would be ignoring the facts of life to say that a 71-year old witness will be available, to give his deposition or testimony, at an undeterminable future date . . . . [S]hould [the deponent] become "ill" or "infirm", such illness or infirmity might well be of such proportion as to make impossible the taking of his deposition.

Texaco v. Borda, 383 F.2d 607, 609-10 (3d Cir. 1967); accord 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 346, 349 (E.D. Pa. 2000) (the Federal Rules of Civil Procedure "militate[] in favor of allowing perpetuation of testimony of a person when it is uncertain that that person will be available at trial") (ordering early depositions of four plaintiffs 86 to 91 years old).

The only prejudice that defendants have pointed to is the fact that they have not received disclosures or had the opportunity for discovery contemplated by Fed. R. Civ. P. 26. Here, of course, the proposed deposition is of a non-party, thus lessening the danger of prejudice. Nonetheless, the Court is prepared to require reasonable disclosures from plaintiff to eliminate any potential for prejudice. At a minimum, plaintiffs should provide a list of topic areas on which they propose to question Hewitt. They should also provide defendants with "a copy of each document which plaintiff[] expect[s] to rely upon at [the] deposition[]." 19th St. Baptist Church, 190 F.R.D. at 350. Plaintiff has unilaterally offered certain other concessions as to discovery. See Reply Memorandum of Law in Support of Plaintiff's Motion to Depose Non-Party Don Hewitt, filed June 25, 2007 (Docket #57) at 3. Obviously, plaintiff would be held to these promises. Further, the Court is prepared to order additional reasonable disclosures or discovery provided defendants can provide a basis for them. The Court directs defendants to

---

[1] Even if this case did not proceed in this Court and were not transferred to the District of Massachusetts, plaintiff has filed a parallel action in state court in Massachusetts.

2

confer with plaintiff to the extent they seek additional disclosures and may address any disagreements in a letter to the Court.

Conclusion

Plaintiff's motion to permit the deposition of non-party Don Hewitt (Docket #53) is granted.

Dated: July 6, 2007
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge