**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581
(212) 805-6325



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

CHAMBERS OF
COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

TO ALL COUNSEL IN: Nelson v. TMGH, GHC, MGPO, and PHS, 04-civ-5382.

FROM: Judge McMahon

RE: Motion to Dismiss for Lack of Personal Jurisdiction

DATE: August 20, 2007

Counsel:

    I am parsing your motion papers as carefully as I can, but I find that I am confused about the corporate structure here. Please send me an organizational chart. I want to know who owns the stock of whom. I don't understand this term "member" (perhaps because my familiarity with it is limited to its use in the context of New York "membership" corporations). What does it mean, in terms of Massachusetts corporate governance, to say that someone is a member of someone else? Does the member own the stock of the "someone else?" Does that create a parent-subsidiary relationship? If not, what kind of relationship does it create? Please clarify this for me.

    I want to raise something else that has occurred to me, and give you a chance to comment on it. Although neither side has raised agency as a possible basis for jurisdiction, I am required to look at all possibilities (or I can expect the Second Circuit to do it for me). It seems to me that TMGH is GHC's agent for purposes of private fundraising, and PHS is GHC's agent for purposes of asset management and capital fundraising from the public markets. GHC has certainly out-sourced those functions to TMGH and PHS. If I were to conclude that PHS and/or TMGH is "doing business" in New York for purposes of CPLR 301 (and I want to emphasize that I have reached no such conclusion!!!!!!), could GHC be subject to NY jurisdiction on an "agency" theory? I know Frummer and all the classic cases make much of the fact that the New York agent has a physical presence in New York, and neither PHS nor TMGH has such a presence. But if an out-of-state entity sends another out-of-state entity into New York to do business in New York on a regular and systematic basis, is an assertion of general jurisdiction over the first out-of-state entity constitutionally permissible? (I want to emphasize that I am talking ONLY about general jurisdiction under CPLR 301 -- I have already concluded that there is no 302(a) jurisdiction in this case). Or is a New York office for the agent the sine qua non of jurisdiction in such a

situation? I am thinking this through, and I would appreciate your thoughts on the subject.

Finally -- were I to conclude that you could not amalgamate the various corporate entities (as plaintiff urges me to do) and that there was no other way to get GHC into New York, would the case not be effectively over in New York, since the Hospital is where the malpractice was allegedly committed and the fraudulent misrepresentations were allegedly made? I mean, what kind of a lawsuit would one be able to bring against TMGH if only TMGH were subject to New York jurisdiction? Or PHS?

This is indeed a fascinating case. I must compliment everyone on the quality of the papers. And I hate asking for additional information at the end of August. Unfortunately, my law clerk who has been working doggedly on this matter is leaving me two weeks from Wednesday, so I need your input on these issues promptly. Short letter briefs addressing these issues will do. At least you can rest assured that your motion is no longer gathering dust on a shelf . . .

Many thanks,

_____
U.S.D.J.